```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

E.A. RENFROE & COMPANY, INC.,  }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }     06-AR-1752-S
                               }
CORI RIGSBY MORAN, et al.,     }
                               }
     Defendants.               }
```

**MEMORANDUM OPINION**

The court has for consideration the motion of plaintiff, A.E. Renfroe & Company, Inc. ("Renfroe"), to require defendants and their agents to show cause why defendants Cori Rigsby Moran and Kerri Moran, and non-parties Richard F. Scruggs and the Scruggs Law Firm (together, "Scruggs") should not be held in civil contempt of this court. For the reasons which follow, Renfroe's motion will be granted.

*Facts*

The parties are familiar with the underlying facts which led to the court's issuance on December 8, 2006 of a preliminary injunction. That preliminary injunction provided in relevant part that:

> defendants, Cori Rigsby Moran and Kerri Rigsby, and their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise (with the express exception of law enforcement officials) are hereby MANDATORILY ENJOINED to deliver forthwith to counsel for plaintiffs all documents, whether originals or copies, of each document and tangible thing, in any form or medium, that either of the

> defendants or anyone acting in conjunction with or at the request or instruction of either of them, downloaded, copied took or transferred from the premises, files, records or systems of Renfroe or of any of its clients, including, but not limited to State Farm Insurance Company and which refer or relate to any insurance claims involving damages caused or alleged to have been caused by Hurricane Katrina in the State of Mississippi.
>
> Defendants and their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are further ENJOINED not to further disclose, use or misappropriate any material described in the preceding paragraph unless to law enforcement officials at their request.

Although it is a non-party to this action and was not formally served with the injunction, Scruggs received actual notice of its issuance on Friday, December 8, 2006 or on Monday, December 11, 2006. There appears to be no dispute that as of December 8, 2006, Scruggs was defendants' attorney. He may have been their agent. Defendants contend that Scruggs was in possession of the documents which were the subject of the preliminary injunction when the court issued the injunction.

For aught appearing sometime after this court enjoined defendants, their agents, and their attorneys, the Mississippi Attorney General ("Mississippi AG") sent a letter to Scruggs and/or defendants requesting that Scruggs and/or defendants provide him with the documents which were the subject of the injunction. The Mississippi AG was already in possession of a duplicate set of the documents when he made this request. On December 14, 2006,

defendants learned of the existence of the Mississippi AG's letter. Defendants say that they "made reasonable efforts to retrieve the documents from The Scruggs Law Firm and were notified that the Mississippi Attorney General had requested all relevant documents from The Scruggs Law Firm and that The Scruggs Law Firm had complied with this request." Neither the details regarding these "reasonable efforts," the date on which defendants made their "reasonable efforts," nor the date on which the Scruggs Law Firm turned the documents over to the Mississippi AG, are clear from the record. The question of whether the actions of the defendants was reasonable under the circumstances is not for them to answer.

*Analysis*

## I. Defendants Cori Rigsby Moran and Kerri Moran

Defendants oppose Renfroe's motion for an order to show cause on the basis that they did not have documents subject to the injunction in their possession when the injunction was issued, and that they have not had possession of the documents since before the injunction was issued. Defendants further contend that they made reasonable efforts to retrieve the documents from Scruggs after they were enjoined, but that their attempts were unsuccessful.

Although defendants' stated reasons for not fulfilling the terms of the injunction may be truthful and may ultimately constitute acceptable explanations for not strictly abiding by the terms of the injunction, the court has not been sufficiently

apprised of the facts supporting defendants' stated reasons. In particular, the court is unable to tell from the record whether defendants had possession of the documents and when they turned them over, and it knows nothing about defendants' efforts to retrieve the documents from Scruggs other than that defendants themselves believe the efforts were "reasonable." The court will therefore grant Renfroe's motion for an order to show cause as to defendants. It will, of course, not decide whether defendants should be held in contempt of court until after defendants have attempted to show cause.

**II.   Richard F. Scruggs and the Scruggs Law Firm**

Scruggs does not oppose Renfroe's motion for an order to show cause as to it. Instead, it moves to dismiss or quash the preliminary injunction as to it, and to quash and dismiss Renfroe's motion for contempt of court. Scruggs, a non-party to this action, did not expressly move for leave to file its motion. The court will assume that Scruggs intended to request such leave, and will grant Scruggs's implicitly filed motion for the limited purpose of filing the motion to dismiss or quash.

In support of its motion to dismiss or quash, Scruggs contends that this court lacks personal jurisdiction over it, and alternatively, that its turning over the documents to the Mississippi AG did not constitute a violation of the injunction. Scruggs's second argument speaks to the merits of whether or not it

should be held in contempt, and the court will therefore not address it at this stage. The jurisdictional question is a threshold issue that must be answered.

In its argument regarding this court's alleged lack of *in personam* jurisdiction over it, Scruggs relies primarily on *Doctor's Associates, Inc. v. Reinert & Duree*, P.C., 191 F.3d 297 (2d Cir. 1999). Scruggs says that *Doctor's Associates* stands for the proposition that a court's injunction against an entity that is not a party to a lawsuit is impermissible. In doing so, Scruggs reads that case to cover significantly more territory than it actually does. In *Doctor's Associates*, the Second Circuit explained that unless a case falls within an exception to the general principle that a court cannot make a decree which will bind any one but a party, an injunction entered by a district court is improper. *Id.* at 302. That court concluded that the district court could not have issued a valid injunction against the third-party franchisees because "each . . . franchisee is a discreet entity with its own private contract and private legal rights." *Id.* at 303. The Second Circuit recognized, however, that Rule 65(d) provides that an "order granting an injunction . . . is binding only upon the parties to the action, their officers, **agents**, servants, employees, and **attorneys**, and upon those persons in active concert or participation with them **who receive actual notice of the order**." *Id.* at 302 (emphasis added).

5

It is true that this court's *in personam* jurisdiction can only reach a party that has been brought or has placed itself within the court's power.  However, unlike the case in *Doctor's Associates*, Scruggs apparently was defendants' attorney and/or agent when it performed the acts which Renfroe contends violated the preliminary injunction.  Moreover, although the precise sequence of events which transpired after this court issued the preliminary injunction is not currently clear, it appears that Scruggs provided the Mississippi AG with the documents in question **after** it received notice of the injunction.  Thus, Scruggs would appear to fit squarely within the purview of Rule 65(d), whereas the "discreet" franchisees, with their "own private contracts and private legal rights," in *Doctor's Associates* did not.

In another, prior, Second Circuit case that Scruggs does not cite, Judge Learned Hand said that "a person who knowingly assists a defendant in violating an injunction subjects himself to civil as well as criminal proceedings for contempt.  This is well settled law."  *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832 (2d Cir. 1930).  A district court within the Eleventh Circuit has also fairly recently explained that when addressing a contempt petition, "nonparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order."  *U.S. v. Barnette*, 902 F. Supp. 2d 1522, 1532 (M.D.

6

Fla. 1995) (citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985)).  There is sufficient evidence at this stage to suggest that Scruggs, as defendants' agent or attorney, knowingly violated and/or permitted or helped defendants to violate this court's December 8, 2006 injunction.  Accordingly, this court can exercise *in personam* jurisdiction over it for the purposes of enforcing its injunction.

Based on the foregoing, the court will deny Scruggs's motion to the extent it is based on jurisdictional arguments.  The second argument contained in Scruggs's motion – i.e., that its actions did not constitute a violation of this court's preliminary injunction – will remain under advisement until after the court conducts a hearing to determine whether defendants and Scruggs have shown cause as to why they should not be held in contempt.

DONE this 19th day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE