UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| E.A. RENFROE & COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| -vs- | ) | 2:06-CV-06-WMA-1752-S |
| | ) | |
| CORI RIGSBY MORAN and KERRI RIGSBY | ) | |
| | ) | |
| Defendants. | ) | |

## RENFROE'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BREACH OF CONTRACT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| E.A. RENFROE & COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| -vs- | ) | 2:06-CV-06-WMA-1752-S |
| | ) | |
| CORI RIGSBY MORAN and | ) | |
| KERRI RIGSBY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RENFROE'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BREACH OF CONTRACT

## TABLE OF CONTENTS

Title Page..................................................................i

Table of Contents........................................................ii

Table of Authorities....................................................iv

I.   Summary Of The Argument....................................................1

II.  Background Facts....................................................2

     A.   The Rigsbys were bound by valid contracts........................2

     B.   The Rigsbys violated their contracts by misappropriating
          Confidential documents and information..............................3

     C.   Renfroe suffered damages because of the Rigsbys' violations.....4

III. Argument And Authorities............................................................6

    Renfroe Has Met The Elements Required To Establish Breach
    Of Contract...........................................................................6

        A.    Renfroe's Contracts with the Rigsbys are valid.....................7

        B.    Renfroe performed under the Employment Agreements.............8

        C.    The Rigsbys breached their contracts................................8

            1.    The Documents are contractually "Confidential"............8

            2.    The Rigsbys were not "justified" to give the
                  Documents to Scruggs.........................................11

        D.    Renfroe suffered damage as a result of the Rigsbys' breach.......11

IV. Prayer................................................................................12

Exhibit A (Cori Rigsby Moran's Employment Agreement

Exhibit B (Kerri Rigsby's Employment Agreement

Exhibit C (Cori Rigsby Moran's Deposition Excerpts)

Exhibit D (Kerri Rigsby's Deposition Excerpts)

Exhibit E (Transcript of November 21, 2006 Injunction Hearing)

Exhibit F (John Dagenhart's Deposition Excerpts)

Exhibit G (Affidavit of Barbara Ellis Stanley)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| E.A. RENFROE & COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| -vs- | ) | 2:06-CV-06-WMA-1752-S |
| | ) | |
| CORI RIGSBY MORAN and | ) | Judge William M. Acker, Jr. |
| KERRI RIGSBY | ) | |
| | ) | |
| Defendants. | ) | |

## **RENFROE'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BREACH OF CONTRACT**

## **TABLE OF AUTHORITIES**

Claybrook v. Cent. United Life Ins. Co., 387 F.Supp.2d 119
(M.D. Ala. 2005)..................................................................6

E.A. Renroe & Company, Inc. v. Moran, 2007 WL 2404719
(Aug. 24, 2007)..............................................2, 4, 5, 7, 8, 9, 10, 11

Ferro v. Assoc. Materials, Inc., 923 F.2d 1441 (11th Cir. 1991)................5, 11

United States v. Jordan, 429 F.3d 1032 (11th Cir. 2005)........................2, 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E.A. RENFROE & COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| -vs- ) | NO 2. 06-WMA-1752-S |
| ) | |
| CORI RIGSBY MORAN and ) | |
| KERRI RIGSBY ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RENFROE'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BREACH OF CONTRACT

Plaintiff E. A. Renfroe & Company, Inc. ("Renfroe") files this Brief in Support of its Motion for Partial Summary Judgment Regarding Breach of Contract and would respectfully show the Court the following:

### I. SUMMARY OF THE ARGUMENT

Renfroe is entitled to judgment as a matter of law on its breach of contract claim because of the clear evidence and the Eleventh Circuit's decision upholding the December 8, 2006 Preliminary Injunction that found "undisputed" evidence of binding contracts with the Defendants, breaches of the non-disclosure provisions of those contracts, and resulting irreparable

1

harm. This decision is the law of the case. *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

## II. BACKGROUND FACTS

"The material facts are undisputed." *E.A. Renfroe & Company, Inc. v. Moran*, 2007 WL 2404719 *1 (Aug. 24, 2007). Renfroe supplies insurance companies with claims adjusters in the aftermath of catastrophes such as Hurricane Katrina that struck the Mississippi and Louisiana Gulf coasts on August 29, 2005. *Id.* The Rigsbys are former Renfroe adjusters. They began working for Renfroe in 1998 and were deployed to the Mississippi Gulf Coast to assist in the adjustment of Hurricane Katrina-related claims made by State Farm Insurance Company's policyholders in the wake of the disaster. *Id.*

### A. The Rigsbys were bound by valid contracts.

At the time of their deployment for the Hurricane Katrina assignment, both Rigsbys were bound by Employment Agreements that each of them had executed in 2004. *Id.* at *3. The Employment Agreements provided that:

> "During employment and for a two year period after termination of employment with RENFROE, Employee will not disclose or misappropriate any confidential information of RENFROE, its clients or their customers for the Employee's own use or for the use of any other corporation, partnership,

firm or entity, except as the President of RENFROE expressly authorizes."[1]

According to their Employment Agreements:

"Confidential information includes data and information relating to the business of RENFROE and its clients which is or has been disclosed to the Employee or which the Employee became aware as a consequence of or through employment with RENFROE and which has value to RENFROE or its clients but is not generally known to the public. Confidential information further includes any information which is or has been disclosed to the Employee or which the Employee became aware as a consequence of or through employment with RENFROE from or pertaining to the customers of RENFROE's clients. ... For the purposes of this Agreement, misappropriate means disclosing or using for any purpose other than fulfilling the Employee's responsibilities to RENFROE."

By signing the Employment Agreements, the Rigsbys also agreed that a breach of the contractual confidentiality provisions would result in "immediate and irreparable damages ...for which [Renfroe] would have not adequate remedy at law."[2] The Rigsbys agreed and contractually consented to Renfroe's entitlement to injunctive relief and waived defenses.[3]

### B. The Rigsbys violated their contracts by misappropriating confidential documents and information.

Disregarding their obligations under the Employment Agreements, the Rigsbys copied and downloaded thousands of documents including "claims

---

[1] Exhibit A, Cori Rigsby Moran's Employment Agreement at ¶ 6(a); Exhibit B, Kerri Rigsby's Employment Agreement at ¶ 6(a).
[2] *Renfroe v. Moran* at *4 citing the Employment Agreements, Exhibit A at ¶ 8; Exhibit B at ¶ 8.
[3] Exhibit A at ¶ 8; Exhibit B at ¶ 8.

3

information" from State Farm's files using State Farm computers and pass word-protected systems.[4] *See Renfroe v. Moran* at *4. These documents, including claims files, are protected by the contractual confidentiality agreements. *Id.*

The Rigsbys' turning over these stolen documents to state or federal law enforcement agencies is not at issue in this litigation. *Id.* The Rigsbys, however, turned the documents over to Richard Scruggs, the Scruggs Law Firm and the Scruggs Katrina Group (collectively "Scruggs") to use for their own profit against State Farm and Renfroe. In addition to giving the misappropriated documents to Scruggs, the Rigsbys went to work as consultants for the Scruggs Katrina Group to assist Scruggs and his colleagues in using the documents and other confidential information that the sisters possessed solely because of their prior employment with Renfroe.[5]

**C. Renfroe suffered damages because of the Rigsbys' violations.**

As Jana Renfroe testified at the November 21, 2006 injunction hearing, Renfroe's reputation is the key to its ability to attract both clients and skilled adjusters, both of which are necessary for the success of the

---

[4] See also, Exhibit C, Cori Rigsby Moran deposition at pp. 101:4-102:3; Exhibit D, Kerri Rigsby deposition at p. 95:15-18.
[5] Exhibit C, Cori Rigsby Moran deposition at pp. 157:12-159:2; Exhibit D, Kerri Rigsby deposition at p. 120:1-5.

business.⁶ One key aspect of Renfroe's service to its clients was protection of a client's confidential information.⁷ Renfroe's reputation was damaged by its former employees' flagrant violation of the strict confidentiality policies.⁸

The Rigsbys contractually acknowledged "that Renfroe would suffer 'immediate and irreparable damage and loss' upon the breach of the non-disclosure provision, which is why the provision was included to begin with."⁹ Loss of good will and loss of reputation are irreparable, immeasurable losses. *E.A. Renfroe & Co. v. Moran*, at *4; *see also Ferro v. Assoc. Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991).

The Rigsbys have purportedly returned the stolen documents (although copies of the stolen documents continue to be surrendered, including most recently 575 pages of documents returned on October 16, 2007, ten months after the Preliminary Injunction was issued). There remains, nonetheless, the danger that the Rigsbys will again breach their non-disclosure obligations by using stolen documents and confidential

---

⁶ Exhibit E, November 21, 2006 hearing transcript (Dkt. 69) at pp. 74:20-80:12.
⁷ *Id.*
⁸ *Id.*
⁹ *Renfroe v. Moran* at *4 quoting from the Employment Agreements at ¶ 8.

5

information in Scruggs' pending cases[10] or use their knowledge of the documents, information, proprietary software, systems and processes of Renfroe and its clients for their own benefit in violation of their contractual obligations. As the Rigsbys acknowledged in their Employment Agreements, damages from such continued or re-instituted breaches of their confidentiality agreements are "difficult, if not impossible, to ascertain," and such breaches would again cause Renfroe "immediate and irreparable harm."[11]

### III. ARGUMENT AND AUTHORITIES

### RENFROE HAS MET THE ELEMENTS REQUIRED TO ESTABLISH BREACH OF CONTRACT.

To succeed on its breach of contract claim, Renfroe must prove:

A. The existence of a valid contract;

B. Renfroe's performance under the contract;

C. Defendants' failure to perform under the contract; and

D. Damages resulting from that breach.

*See Claybrook v. Cent. United Life Ins. Co.*, 387 F. Supp. 2d 119, 1204 (M.D. Ala. 2005).

---

[10] *See, e.g.*, Exhibit F, John Deganhart deposition, *McIntosh v. State Farm et al*, Case No. 1:06-cv-1080-LTS-RHW, United States District Court, Southern District of Mississippi, at pp. 124:11-127:9.
[11] Exhibit A, ¶ 8; Exhibit B, ¶ 8.

6

### A. Renfroe's contracts with the Rigsbys are valid.

The Rigsbys have argued that they were not bound by their 2004 Employment Agreements during their work in 2005 and 2006 adjusting Hurricane Katrina claims. The Eleventh Circuit put paid to that argument after carefully analyzing the multiple prior Employment Agreements the sisters had signed as well as the specific language of the August 2004 contracts. *Renfroe v. Rigsby*, at *3. The Eleventh Circuit specifically found that the August 2004 contracts applied to "assignments [in the plural]" and that the Rigsbys were bound by their Employment Agreements. *Id*.

"The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." *United States v. Jordan*, 429 F.3d at 1035. The Rigsbys appealed this Court's Preliminary Injunction (Dkt. 60) to the Eleventh Circuit in Case No. 06-16561-J. The Eleventh Circuit upheld the Preliminary Injunction and, in doing so, specifically rejected the Rigsbys' argument that the employment agreements were not binding during all relevant times. *Renfroe v. Moran*, *3. The Rigsbys are, therefore, barred from contesting the validity of the Employment Agreements, and the first element of Renfroe's breach of contract claim is met as a matter of law.

## B. Renfroe performed under the Employment Agreements.

It is undisputed that Renfroe performed its obligations under the Employment Agreements. The second element is met as a matter of law.

## C. The Rigsbys breached their contracts.

The Eleventh Circuit has held that the claims information that the Rigsbys admitted copying was covered by the contractual confidentiality provisions. *Renfroe v. Moran*, at *4. By giving confidential documents and information to Scruggs, the Rigsbys breached their contracts. *Id.*

### 1. The Documents are contractually "Confidential."

The Eleventh Circuit has held that the stolen documents are covered by the contractual definition of "confidential information." *Renfroe v. Moran*, at *4. To reach this conclusion, review of individual pages or individual entries on the pages of the Documents is unnecessary because claims information is contractually defined as confidential information.

It is undisputed that the documents that were taken from contained claims information.[12] "Claims information" meets the contractual definition as confidential because it is clearly:

---

[12] For example, in describing the "data dump," Kerri Rigsby testified: "So we printed out the activity log, the payment schedule, any thing related to the claim that would help them investigate it." Exhibit D, Deposition of Kerri Rigsby at 88:15-17; see also *Id.* at 57:16-59:24; 88:4-89:7.

8

... data and information relating to the business of RENFROE and its clients which is or has been disclosed to the Employee or which the Employee became aware as a consequence of or through employment with RENFROE and which has value to RENFROE or its clients but is not generally known to the public. Confidential information further includes any information which is or has been disclosed to the Employee or which the Employee became aware as a consequence of or through employment with RENFROE from or pertaining to the customers of RENFROE's clients.[13]

It is undisputed that the documents downloaded from State Farm's systems and copied from State Farm policyholders' claims files relate to the business of both Renfroe and its client State Farm. Both Rigsbys admit they became aware of the documents and information only because of their employment with Renfroe.[14]

It cannot be disputed that the information gathered and generated by the insurers regarding the policyholders' claims has value to the insurer. *See Renfroe v. Moran* at \*4. The insurer indisputably paid engineers to provide reports related to the policyholders' claims. The insurer indisputably paid

---

[13] Exhibits A and B at pp. 2-3, ¶ 6.(a).
[14] Exhibit C, Deposition of Cori Rigsby at pp. 158:21-159:2:
Q: "Okay. Would you agree with me that all of this information that you have about the documents, what they mean, where they're found, how decisions were made, that all of that – that you have all of that information only because your work – of your work as a Renfroe employee?
A: Okay. Yes."
Exhibit D, Deposition of Kerri Rigsby at p. 120:1-5:
Q: "Are you aware that the information that you have to share as a consultant is based on information that you acquired because of your work as a Renfroe employee?
A: Oh, yes."

9

for adjusters to estimate policyholders' damages and to document their claim file. If that information had no value, the insurer would have had no reason to pay to acquire it.

It further cannot be disputed that the information stored in State Farm's claims files and pass word-protected systems is not generally known to the public. Cori Rigsby admitted that the information on State Farm policyholders was guarded and password-protected and that State Farm "had taken some pains to restrict access to those files."[15] Kerri Rigsby admitted that the only way they had access to the documents and information from the "data dump" was through the passwords issued to them by State Farm.[16]

Regardless of what information the individual pages may or may not contain, the stolen documents and misappropriated information are "confidential information" "relating to the business of Renfroe and its clients" as defined by the parties' contracts. As the Eleventh Circuit found, "the confidentiality provisions at issue in this case apply very broadly... ." *Renfroe v. Moran* at *4. There is no reason to review the individual pages of the documents which, as a whole, are contractually defined as confidential regardless of their exact content.

---

[15] Exhibit C, Cori Rigsby Deposition at pp. 101:20-102:3.
[16] Exhibit D, Kerri Rigsby Deposition at p. 95:15-18.

### 2. The Rigsbys were not "justified" to give the Documents to Scruggs.

Although "justification" is not a recognized defense to a breach of contract claim, the Rigsbys argued to the Eleventh Circuit that their breaches of contract were somehow "justified" on public policy grounds. The Eleventh Circuit addressed that argument and held that the Rigsbys' disclosure of the documents to state and federal law enforcement agencies satisfied any such public policy concerns. *Renfroe v. Moran,* *4. The Rigsbys were not, therefore, justified to give the confidential documents and information to Scruggs to use for the benefit of themselves.

Renfroe has established as a matter of law the third requirement for its breach of contract claim.

### D. Renfroe suffered damage as a result of the Rigsbys' breach.

The Eleventh Circuit held that "Renfroe established the threat of irreparable injury." *Renfroe v. Moran* at *4. The court found that Renfroe offered sufficient evidence to establish damage suffered to its reputation and good will. *Id; see also Ferro v. Assoc. Materials, Inc.,* 923 F.2d 1441, 1449 (11th Cir. 1991). As cited in Sec. II.C. above, Jana Renfroe testified about the likely harm to Renfroe's reputation with its clients, the pool of adjusters,

and within the industry.[17] Further, the Eleventh Circuit agreed with this Court that "both sisters 'expressly acknowledged in writing the virtual impossibility of quantifying the damages that would be caused by a breach of confidentiality...'" referring to paragraph 8 of the sisters' Employment Agreements. *Id.* at *5.

Damage to Renfroe in the form of irreparable injury resulting from the Rigsbys' breach has, therefore, been established as a matter of law. Renfroe has met the fourth and final element and is entitled to summary judgment on its breach of contract claim.[18]

## IV. PRAYER

ACCORDINGLY, there is no genuine issue of material fact in dispute, and Renfroe is entitled to judgment as a matter of law on its breach of contract claim. Renfroe respectfully requests that this Court grant its Motion for Partial Summary Judgment Regarding Breach of Contract and such other relief to which it may be justly entitled.

---

[17] Exhibit E, Injunction Hearing Transcript at pp. 74:20-80:12.
[18] Renfroe reserves for a future time its arguments about its cause of action for violation of the Alabama Trade Secrets Act, any economic damages, exemplary damages, any materials not returned when requested, and attorneys' fees to which it may be entitled.

Respectfully submitted this 31st day of October, 2007.

By: /s/ Jack E. Held
Jack E. Held
Alabama Bar No. 6188-H65J
jackheld@sirote.com
/s/ J. Rushton McClees
J. Rushton McClees
Alabama Bar No. ASB-8805-C39J
rmcclees@sirote.com

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
205-930-5100
205-930-5101

And

By: /s/ Barbara Ellis Stanley
Barbara Ellis Stanley
Admitted Pro Hac Vice
Texas Bar No.: 19043800
bstanley@helmsgreene.com

HELMS & GREENE, LLC
One City Centre, Suite 1290
1021 Main Street
Houston, Texas 77002
713-651-0277
713-651-0288 (Fax)
bstanley@helmsgreene.com

ATTORNEYS FOR PLAINTIFF
E.A. RENFROE & COMPANY, INC.

13

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel by telefax and certified mail, return receipt requested on October 31, 2007.

/s/ Barbara Ellis Stanley


Mr. William W. Taylor, III
Mr. Michael R. Smith
Zuckerman Spaeder LLP
1800 M Street NW, Suite 1000
Washington, D.C. 20036
wwtaylor@zuckerman.com
msmith@zuckerman.com

Mr. Harlan Winn III
Mr. Robert E. Battle
Battle, Fleenor Green Winn & Clemmer LLP
505 North 20th Street, Suite 1150
Birmingham, Alabama 35203
hwinn@bfgwc.com
rbattle@bfgwc.com