FILED
2008 Jul-30 PM 12:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

E.A. RENFROE & COMPANY, INC.,    }
                                 }
     Plaintiff,                  }
                                 }   CIVIL ACTION NO.
v.                               }   06-AR-1752-S
                                 }
CORI RIGSBY, et al.,             }
                                 }
     Defendants.                 }

### MEMORANDUM OPINION AND ORDER

On July 28, 2008, a hearing was conducted on the motion of non-parties, Richard F. Scruggs and The Scruggs Law Firm, P.A. ("Scruggs"), for the court to direct the Clerk to pay over to plaintiff, E.A. Renfroe & Company, Inc. ("Renfroe"), enough of the proceeds that were paid into the registry of the court by Scruggs in lieu of a *supersedeas* bond, to effect a satisfaction of the $65,000 judgment against Scruggs and defendants, Cori Rigsby and Kerri Rigsby ("Rigsbys"). The court voiced its incredulity and its concern over granting the said motion without *caveat*. The court made it clear that the motion will be granted only with the court's disclaimer of any belief that there will remain any right by Scruggs and/or by the Rigsbys to appeal, and/or to recover from Renfroe the amount of the satisfied judgment in the event of a successful appeal by anybody.

This court has been cited no case, and has found none, to suggest that a **joint and several** judgment entered against more than one party can be "satisfied", while at the same time

preserving both a right to appeal, and, in the event of a successful appeal by less than all of the judgment debtors, the right to recover the sum paid over to the judgment creditor in "satisfaction" of the judgment. This becomes a more obvious and insurmountable problem when the time for appeal by the Rigsbys, two of the four joint judgment debtors, has expired.

On July 28, 2008, this court orally agreed with Scruggs's proposition well expressed in their brief filed with the Eleventh Circuit on June 19, 2008, as follows::

> [A] civil contempt order is final and appealable when "a fine or penalty is imposed within a time certain that may not be avoided by some other form of compliance." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1515 (11th Cir. 1990) (quotation omitted); *see also Drummond Co. v. District 20, United Mine Workers of America*, 598 F.2d 381, 384 (5th Cir. 1979). The rule stated in *Howard Johnson* and *Drummond* applies to parties and non-parties alike. *See, e.g., Howard Johnson*, 892 F.2d at 1516.
>
> The June 5, 2008 Order finds that Scruggs—and the Rigsbys—are "guilty of civil contempt," and it requires them to "pay counsel for Renfroe the sum of $65,000 within 30 days. Thus, "[t]here is no contingency or condition which could permit [Scruggs or the Rigsbys] to modify or purge themselves of the sanctions imposed by the judgment of contempt," *Howard Johnson*, 892 F.2d at 1515, and the contempt penalty is "in no way conditional or subject to modification." *Drummond*, 598 F.2d at 384. Moreover, regardless of the outcome of the underlying case, Scruggs and the Rigsbys will be bound by the contempt finding and judgment. *Howard Johnson*, 892 F.2d at 1516. Thus, it appears that the Order is final and appealable by the Rigsbys and Scruggs.

Scruggs correctly anticipated the July 8, 2008 opinion of the Eleventh Circuit in *Securities & Exchange Commission. v.*

*Kirkland*, ___ F.3d ___, 2008 WL 2653634 (11th Cir. 2008), in which the Court virtually repeated, as follows, what was said in Scruggs's brief:

> **An order that imposes a fine or penalty for contempt that must be obeyed within a certain period and may not be avoided by some other form of compliance is immediately appealable**, but an order of contempt that imposes a fine or penalty that the party in contempt can avoid by complying with the earlier order is interlocutory and not appealable. *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 976 (11th Cir. 1986).

(emphasis supplied).

The Rigsbys either were not listening to Scruggs or didn't believe them. By not appealing, they were either disagreeing with Scruggs and with the Eleventh Circuit or were relying on Scruggs to take care of them. It comes as a bit of a shock to learn that Scruggs and the Rigsbys do not agree on everything. If the Rigsbys are wrong, and if Scruggs and the Eleventh Circuit are right, it would be an ultimate anomaly and irony for Scruggs to pay the final judgment entered against the Rigsbys, from which they cannot appeal, if Scruggs can continue to appeal so as to make the "satisfaction" into an illusion. What Scruggs proposes is in reality no more than a loan to Renfroe, contingent on the outcome of Scruggs's appeal. Will Scruggs expect interest on their loan to Renfroe, and if so, at what rate? This court should not relieve the Rigsbys of exposure to sanctions for not paying the $65,000 judgment if the Rigsbys can still appeal and, if successful, get some or all of Scruggs's money back from

Renfroe. If this is what happens as a result of this court's granting of Scruggs's motion, this court expresses its regret in advance.

The court has already found that Scruggs indemnified the Rigsbys for their attorney's fees and other monetary obligations arising from this case. This court finds no reason to retreat from its said determination. The court believes that the understanding between Scruggs and the Rigsbys forms a legitimate and persuasive reason for Scruggs's current motion. The court cannot, of course, discern all of Scruggs's motives. Their motion may be a gallant and magnanimous gesture, or the fulfillment of an enforceable contract, or a self-interested ploy. Whatever it is, Scruggs cannot seriously be asking for this court's imprimatur on a **conditional, non-final, illusory** satisfaction of a judgment against four **jointly obligated** judgment debtors, only two of whom (Scruggs) have superseded the judgment pending their appeal, while the other two (Rigsbys) remain vulnerable to execution and/or sanction for non-payment and who have not appealed or obtained a stay.

Scruggs's motion expressly seeks "satisfaction of the civil contempt sanctions" against all **four** entities against whom the joint $65,000 judgment was entered. The Rigsbys understandably want whatever favorable consideration they can get from Scruggs and/or from this court. The court does not want to interfere

4

with Scruggs's rescue operation.

Scruggs cites *Graddick v. Newman*, 453 U.S. 928, 945 n.1 (1981), for the proposition that a judgment debtor can **"involuntarily"** pay a judgment and nevertheless appeal from it. Assuming *arguendo* that Scruggs's prospective satisfaction of a joint judgment against four entities qualifies as an **"involuntary"** action, why didn't Scruggs simply pay the judgment on behalf of all four defendants in the first place? It would have been both involuntary and a much simpler procedure.

This court thinks that if the judgment against the Rigsbys is paid by Scruggs, and the judgment is marked **"satisfied"** on the records of the court, the appeal by Scruggs may be just as much precluded as would be any subsequent untimely appeal attempted by the Rigsbys. Whatever the effect of Scruggs's payment of the judgment, the risk will be on Scruggs and the Rigsbys, and nothing the court says or does in granting Scruggs's motion should be construed as anything more than allowing the payment of the judgment from the moneys held by the Clerk in lieu of a *supersedeas* bond.

In accordance with the foregoing, and consistent with what was said in open court, the motion of Scruggs is GRANTED. Accordingly, **the Clerk is authorized and directed to draw a check on the funds on deposit in the registry of the court in the principal amount of $65,000 plus all interest earned on it for a**

total amount of $ <u>65,109.15</u>, less an administrative assessment fee of $ <u>10.91</u>, for a total amount of $ <u>65,098.24</u>, payable to Sirote & Permutt, as attorneys for E.A. Renfroe & Company, Inc. When counsel for Renfroe receives the said check, they shall file a notice of full satisfaction of the judgment with the Clerk, whereupon the judgment shall be discharged as against all four joint judgment debtors. The Clerk is also authorized and directed to draw a check on the funds on deposit in the registry of the court in the principal amount of $5,000, plus all interest earned on it for a total of $ <u>5,008.39</u>, less an administrative assessment fee of $ <u>.84</u>, for a total amount of $ <u>5,007.55</u>, payable to Bainbridge, Mims & Rogers, as attorneys for Richard F. Scruggs and The Scruggs Law Firm, P.A.

    DONE this 30th day of July, 2008.

*[signature]*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE