IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E.A. RENFROE & COMPANY, INC., } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 06-AR-1752-S |
| } | |
| CORI RIGSBY, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION AND ORDER**

It is obvious from the filing by plaintiff on January 30, 2009, and the two filings by defendants on February 6, 2009, that there has been, and still is, a major misunderstanding between the court and the parties. Whether that misunderstanding is justifiable, whether it can be blamed on one or more parties or the court, and whether or not the misunderstanding can be ironed out at this late date, are questions to be resolved.

The court has never seriously contemplated an award of attorneys' fees to plaintiff for those fees it incurred **in prosecuting this case**, as a form of equitable relief. Plaintiff has already received reimbursement for all of the attorneys' fees it incurred **in this case** and which it can recover in this case. If this were not so there would have been no reason to differentiate between the attorneys' fees already recovered as a contempt sanction and any other attorneys' fees incurred by plaintiff **in this case**. Once the injunction had been enforced, and plaintiff

compensated for attaining that enforcement, this case became simply an action for the recovery of compensatory damages for breach of contract. There is a complete distinction, one under which this court has always operated, between attorneys' fees that are provided by statute or by contract, and those attorneys' fees that are barred by the American Rule, and attorneys' fees incurred by a contracting party in separate, collateral litigation and that are, or may be, the proximate consequence of a breach of the contract.

It is obvious at this juncture that plaintiff is unprepared to prove, and apparently does not claim, compensatory damages of the kind this court erroneously thought it was claiming. Plaintiff should not waste its time, or that of this court, undertaking to prove the amount of, or the reasonableness of, the attorneys' fees it incurred **in prosecuting this case**. The court will be glad to provide a 28 U.S.C. § 1292(b) opportunity for plaintiff to undertake an interlocutory appeal if it makes such a request **within seven (7) calendar days**. The vehicle would be the deeming of defendants' motion to strike damages as a motion for partial summary judgment.

DONE this 9th day of February, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE